IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN HEART BROWN, | : |
| Plaintiff | : |
| VS. | : |
| EDDIE WALKER, Grievance Coordinator, | : |
| Defendant | : NO. 5:13-CV-326 (MTT) |
| | : **O R D E R** |

*Pro se* Plaintiff **JONATHAN HEART BROWN,** an inmate at Macon State Prison ("MSP"), has filed a "Motion for a[] Preliminary Injunction" (Doc. 1), which the Clerk's Office docketed as a 42 U.S.C. § 1983 action.  Solely for purposes of the Court dismissing this action, Plaintiff shall be allowed to proceed *in forma pauperis.*

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed

by a person acting under color of state law.   **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.   **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation).   **See also** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  DISCUSSION

Plaintiff's only allegation is that Defendant Eddie Walker, MSP Grievance Coordinator/Chief Counselor, "instructed 'all' GDC Counselor[]s not to execute anymore receipt of grievances to it[]s inmates."   According to Plaintiff, Walker's action is "contrary to clearly established law" and frustrated Plaintiff's ability to exhaust his administrative remedies as is required under 42 U.S.C. § 1997e(a).   Plaintiff specifically complains about an "emergency" grievance relating to an August 27, 2013 incident, in which an MSP officer "outed" Plaintiff as a snitch to other inmates.   Plaintiff seeks an injunction requiring Walker to process formal grievances.

Injunctive relief claims fail if the underlying claim fails.   **Edwards v. Wallace Community College**, 49 F.3d 1517, 1524 (11th Cir.1995).   In this case, Plaintiff's underlying claim fails, as the Eleventh Circuit Court of Appeals has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.   **Bingham v. Thomas**, 654 F.3d 1171, 1177 (11th Cir. 2011). Consequently, that Walker may have impaired the grievance process is simply not

actionable under section 1983.

If Plaintiff should file a section 1983 lawsuit alleging constitutional violations and the defendant(s) should assert Plaintiff's failure to exhaust his administrative remedies as a defense, Plaintiff may in response raise the above issues surrounding the grievance process.

### III.   CONCLUSION

In light of the foregoing, the instant action is hereby **DISMISSED** pursuant to section 1915A.

**SO ORDERED**, this 13th day of SEPTEMBER, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr